May it please the Court, Jerry Seitz for Appellant, Carolina McLean. Good morning, Your Honors. First, I want to respectfully request, in the interest of justice, a 90-day stay of this appeal. After oral argument until August 15, 2014, for the following reason. There is a bill pending in Congress right now called the Smarter Sentencing Act of 2014. The Senate version is S1410. The House version, which is virtually identical, is 3382. The effect of this bill would be to eliminate the mandatory 10-year minimum sentence in drug cases. If the defendant... Is this something you found out... I'm sorry? Did you find out about it this morning? I didn't find out about it this morning. I found out about it Saturday. And in the intervening time between Saturday and today, you didn't file anything in writing? I'm a little hard of hearing right now. You didn't file anything in writing since Saturday, did you? You didn't file anything in writing? No, I have not filed anything in writing. And you didn't... Did you tell the government you were going to be making this motion? No. Then I think you better move on to your argument. If you have a motion to make, you can make that motion in writing after the hearing. Sure. Okay? But the normal way to proceed is through the adversary process. As soon as you find out something, you need to let your opposing counsel know. If it's an emergency, if it's something that happens on a short basis, you need to file something as soon as you can. Copy to the opposing side so we get the benefit of the opposing counsel's view on this. You don't spring it as an argument. Did you discuss it with him this morning? I'm sorry? Did you discuss it with counsel this morning? No. No, I did not. So this is the first he hears about it? Yes. Not professional. Well... You can file a motion afterwards if you wish. First of all... Your time is running. You had better speak. Fine. I'll submit a written request. I will also submit a written request that if the Smart Sentencing Act passes... You're wasting time. Okay. You can tell us what you're going to submit in the written request when you submit your written request. Just include everything you want to say in it. Thank you, Your Honor. Okay. Next, I want to concede that appellant's argument in pages 17 to 22 of its brief, that the district court's evidentiary ruling was not an abuse of discretion, is the more correct position in regard to this issue. So the only argument I'm going to be making is that the doctrine of lenity, which applies to sentencing pursuant to U.S.S.G. Section 1B1.1, should have been applied in this case. But the rule of lenity applies to interpretation of statutes. I'm sorry? The rule of lenity applies to the interpretation of statutes. No. The rule of lenity... I think so. ...applies to the interpretation of statutes and the sentencing guidelines make it clear that it also applies to sentencing. And in the United States Supreme Court... Well, I'm sorry. ...in Bifoco... Statutes and guidelines and regulations to questions of law. It doesn't apply to questions of fact. Well, I respect... I mean, do you have any authority for the proposition that the rule of lenity applies to the interpretation of facts? Well, if you'll let me, in Bifoco v. United States 447 U.S. 381 to 387, the Supreme Court held that in the criminal law context, the rule of lenity requires that we infer the rationale most favorable to the appellant and construe the sentencing guidelines accordingly. Now, here's the thing. Was that a case involving facts? I'm sorry? Was that a case involving interpretation of facts? No, that was not. Okay. So do you have any cases that apply the rule of lenity to findings of fact? Is there any case that says in finding facts, a district judge must exercise lenity or must adopt the defendant's version as a matter of lenity? I've never heard of it. The whole idea of the rule of lenity is that the defendant has notice. And so if you have a statutory provision or if you have a sentencing guideline or whatever, we can say, well, if it's construed one of two ways, we read it the way the defendant would have read it. But this is not this case at all. The doctrine of lenity normally applies to statutory construction. In the sentencing guidelines, they extended that to apply to sentencing. They didn't restrict it expressly to the interpretation of the sentencing guidelines. They stated in their note, in note one, that it applies to the sentencing. Now, when you have the doctrine of lenity applying, you can treat that in one of two ways. You can treat that in the way you're proposing, which is that the doctrine of lenity be applied as narrowly as possible. Or you can treat it in the way I'm implying, that it be applied as expansively as possible. When you're dealing with the doctrine of lenity, it is in effect telling you. You have any case at all that applies anywhere at all, Supreme Court, circuit, district court, state court, house of lords, anything that applies the rule of lenity to findings of fact? It's a simple question. Yes or no? Do you have a case like that? I've seen that happen in effect in cases over the years. I can't cite them to you off the top of my head. There was not an express holding that that was to be the case. But in effect, that was what happened in those cases. But I can't give you that. I can't give you that. I will make my motion for a stay. Counsel? And, yes. Before you go there, just so I can understand what you think lenity should be applied to in this case, what is the aspect of the guideline where lenity would be applied as you conceive it? Okay. Lenity would be applied in regard to the safety valve provision. In the judge's judgment about the truthfulness of your client? Yes. What happened in this case was that the U.S. Attorney's Office interpreted Ms. McLean's notebook in one way and defense counsel interpreted it in another way. Both ways were valid. I mean, a judge could reasonably adhere to the U.S. Attorney's Office's interpretation and could reasonably adhere to defense counsel's interpretation. Therefore, in that sense, when you have the doctrine of lenity applying to the safety valve provision, do you or do you not use the rule of lenity? You have to believe her. I'm sorry. What you want, you want the district judge to believe your client. It's not a question about hearing. It's a question of who the district judge chooses to believe. And you think the rule of lenity applies to when there are two possible ways of looking at it, you believe the defendant. That's what you're saying, right? No. No. What I'm saying is that if the doctrine of lenity applies, the district court judge doesn't have a choice. But this whole argument that I'm making to you is no judge. Doesn't have a choice and has to do what? Well, he doesn't have a choice in terms of if he determines that there is a genuine ambiguity in the notebook and the U.S. attorney is posing one interpretation and defense counsel is posing a second interpretation and both appear reasonable, the district judge, if the doctrine of lenity applies to that, doesn't have a choice. He cannot accept the U.S. attorney's interpretation because he is bound by the rule of lenity to accept defense counsel's interpretation if the doctrine of lenity applies. And what happens at that point, he has to make a finding that that notebook refers to Mr. Dixon's deposit, not to her deposit. It's a finding of fact. But actually, if I make the motions that I'm going to make, and if they're granted and if the Smarter Sentencing Act passes, this whole safety valve doctrine of lenity discussion is moot because Judge Battaglia himself said that. I'm rejecting the safety valve argument, but if I could give you less than the mandatory minimum, I would. So, in effect, if this Smarter Sentencing Act passes and this case goes back to the district judge, who is allowed to resentence, he will give Ms. McLean a lower sentence than he would have given her even if the safety valve applied. So what I'm saying is the whole discussion is moot. I'm just going to make the request for a stay and for a remand in the eventuality that the Smarter Sentencing Act passes. In terms of... You're out of time now. I'm sorry? You're now out of time. Right. Thank you. But I'll give the rest of my time to... There is no time left. You're out of time. Oh, I'm sorry. Thank you. May it please the Court, Daniel Zip on behalf of the United States. Your Honor, the defense has conceded the evidentiary issue, so just turning straight to the sentencing. The district court in this case recognized at the outset that it had the ability to grant safety valve, citing Sherpa and Maya Pimentel, recognizes that ultimately the question was, at the time of the sentencing hearing, regardless of what the defendant had said before, regardless of the fact that she testified untruthfully at trial, the question was, at sentencing, had she provided a complete and truthful account of her involvement? And the court found in this case that she had not. That was not clear error. The district court's determination of her truthfulness was based, as he said at sentencing, on an analysis of her credibility. I was trial counsel in the case, and we heard testimony from her over the course of two days, and it's difficult to even describe it, and it doesn't come across in the cold record just really what a train wreck her testimony was. I mean, her credibility was absolute zero by the end of this case. Even responding to questions on direct by her own attorneys, in which she tried to explain her handwritten ledgers, which documented the amounts of drugs that had come through her house and the amount of money that was coming in, she essentially was extremely evasive, gave slow, tortured answers to even direct questions. There were long pauses, really uncomfortable pauses at critical times when specific questions had been asked of her about her own handwriting, to the extent that by the time direct exam was over, she basically had little credibility. And then cross-exam, which lasted over the course of two days, went even worse for her. So really by the end of trial, what the judge saw and what the government saw and what the jury saw was someone who had taken a stand and just essentially lied repeatedly and was left with zero credibility. So the question when presented to the judge at sentencing was, is her post conviction proper, which was really essentially a variation on the theme of what she had said at trial, in that she now admitted that she did have knowledge at one point of the drugs, but still continued to blame primarily Mr. Dixon as the person who set her up and still claimed that she was only making $500 per shipment. The court, based on what it had seen, found that that account was not credible. That determination was a correct one and it was not clear error in this case. Thank you. Cases argued, stand submitted. We're adjourned.
judges: Kozinski, Wardlaw, Fisher